# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID VOYLES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:09CV20 LMB |
| MARK DOBBS, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 176039), an inmate at Missouri Eastern Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. Although the Court will not assess a filing fee at this time, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Namely, plaintiff alleges that during his incarceration in the Butler County Jail in February and March of 2007, he was subjected to an unlawful delay in receipt of his high blood pressure medication. Named as defendant is the Sheriff of Butler County, Mark Dobbs.

Plaintiff filed a substantially similar lawsuit in March of 2007 in front of the Honorable Lewis M. Blanton. See Voyles v. Dobbs, No. 1:07CV42 LMB. In July of 2008, Judge Blanton granted summary judgment to defendant Dobbs in that case, finding that defendant Dobbs had not been deliberately indifferent to plaintiff's medical needs. Plaintiff appealed Judge Blanton's decision to the Eighth Circuit

Court of Appeals. On February 6, 2009, the Court of Appeals dismissed plaintiff's appeal for failure to prosecute. Plaintiff filed the instant lawsuit on February 26, 2009.

The allegations set forth in the instant complaint arise out of the same facts and circumstances as those advanced in plaintiff's previous lawsuit. As such, the instant complaint will be dismissed as legally frivolous and duplicative under § 1915(e)(2)(B). See Aziz v. Burrows, 976 F.2d 1158-59 (8th Cir. 1992); Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975); see also, Robbins v. District Court of Worth County, Iowa, 592 F.2d 1015, 1017 (8th Cir. 1979) ("[A]n issue may not be relitigated in a second lawsuit where that issue had previously been litigated in a prior lawsuit which involved the same cause of action. Furthermore, issues which might have been raised in the first lawsuit may not be raised in a second lawsuit arising out of the same cause of action.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that no filing fee will be assessed at this time.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this __6th__ Day of March, 2009.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE